UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIN Rong (A087 783 606)(W) <br> LIN Rong (A098 358 174)(H) <br><br> Plaintiffs, <br> v. <br><br> JEH JOHNSON, in his official capacity as <br> Secretary of Department of Homeland Security; <br><br> LEON RODRIGUEZ, in his official capacity as <br> Director of U.S. Citizenship & Immigration Services; <br><br> DAVID ROARK, in his official capacity as <br> Director of U.S. Citizenship & Immigration Service <br> Texas Service Center, <br><br> PHYLLIS COVEN, in her official capacity as <br> District Director of U.S. Citizenship & Immigration <br> Services, New York City District Office <br><br> Defendants. | Civil Action <br><br> Case No.: <br><br> CV 16 4409 <br> BRODIE, J. <br> SCANLON, M.J. <br><br> 2016 AUG -8 PM 1:14 <br> FILED CLERK |

## COMPLAINT

Plaintiffs Ms. Rong LIN and Mr. Rong LIN, by their attorney Theodore N. Cox, Esq., allege the following:

### NATURE OF THE ACTION

1.  Plaintiffs present this mandamus action before this Court requesting an order that Defendants adjudicate Plaintiff Ms. Rong LIN's I-485, Application to

1

Register Permanent Residence or Adjust Status ("I-485"), which has been pending since February 2011, and Mr. Rong LIN's I-485, Application to Register Permanent Residence or Adjust Status ("I-485"), which has been pending since December 2011.

## PARTIES

2. Plaintiffs have the same English translation of different Chinese names. We will refer to them as either Ms. Lin or Mr. Lin. Plaintiff Ms. Rong LIN ("Ms. Lin") is a native and citizen of the People's Republic of China. She was granted asylum in January 2010. She filed an I-730 relative petition on behalf of her husband, Mr. Rong LIN in April 2010, which was approved on November 5, 2010. Thereafter, in February 2011, she filed an I-485 petition to adjust her status to a legal permanent resident.

3. Plaintiff Mr. Rong LIN ("Mr. Lin") is a native and citizen of the People's Republic of China. He is the beneficiary of an approved I-730 relative petition filed by Ms. Lin on his behalf. In December 2011, he filed an I-485 petition to adjust his status to a legal permanent resident.

4. Defendant Jeh Johnson is the Secretary of the Department of Homeland Security. The Secretary has "control, direction, and supervision of all employees and of all the files and records of the [Immigration] Service." 8 U.S.C. §1103(a)(2). Mr. Johnson is sued in his official capacity.

5. Defendant Leon Rodriguez is the Director of the USCIS. The Director is delegated the "authority to administer and enforce the Immigration and Nationality Act and all other laws relating to immigration, naturalization, and nationality . . ." 8 C.F.R. §100.2(a). Mr. Rodriguez is sued in his official capacity.

6. Defendant David Roark is the Director of the Texas Service Center of the USCIS. *See* 8 C.F.R. § 100.4(e). He is in charge of the Service Center to which Ms. Lu's I-730 was filed. *See* 8 C.F.R. § 103.2(a)(6); 8 C.F.R. § 208.24(d). Mr. Roark is sued in his official capacity.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361. The Court has the authority to grant relief under 28 U.S.C. § 1361 (mandamus), 28 U.S.C. §§ 2201, 2202 (declaratory judgment and further relief), and 5 U.S.C. § 706 (APA).

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a plaintiff resides and no real property is involved in the action. Plaintiffs reside at 6724 10th Avenue, 2FL, Brooklyn, New York 11219.

## FACTUAL ALLEGATIONS

9. On January 11, 2010, U.S. Citizenship and Immigration Services recommended that Ms. Lin's application for asylum be approved.

10. Ms. Lin filed an I-730, Refugee/Asylee Relative Petition on behalf of her husband, Mr. Lin, in April 2010 (Receipt Number SRC10-142-50831).

11. On November 5, 2010, USCIS approved Ms. Lin's I-730, Refugee/Asylee Relative Petition filed on behalf of Mr. Lin.

12. In February 2011, Ms. Lin filed an I-485, Application to Register Permanent Resident or Adjust Status (Receipt Number SRC1190122763).

13. In May 2011, Ms. Lin received a notice from USCIS stating that her case had been transferred to the USCIS office in New York, New York.

14. The USCIS case status website for that receipt number states that on December 8, 2014, USCIS received your Form I-485, Application to Register Permanent Residence or to Adjust Status, Receipt Number SRC1190122763, at your local office.

15. To date, Ms. Lin's I-485 petition has been pending with the Defendants for over five years.

16. In December 2011, Mr. Lin filed an I-485, Application to Register Permanent Resident or Adjust Status (Receipt Number SRC1290060372).

17. The USCIS case status website for that receipt number states that on December 5, 2011, USCIS accepted the fingerprint fee for your Form I-485, Application to Register Permanent Residence or to Adjust Status, Receipt Number SRC1290060372, and that the USCIS Texas Service Center is working on your case.

18. To date, Mr. Lin's I-485 petition has been pending with the Defendants for over four and a half years.

19. On May 26, 2015, Plaintiffs contacted USCIS about the status of Ms. Lin's I-485 petition (SRC1190122763). USCIS responded on June 9, 2015, stating that USCIS is processing the case, but that USCIS is performing extended review, which has caused a delay in processing time.

20. On May 6, 2016, Plaintiffs contacted USCIS about the status of Mr. Lin's I-485 petition (SRC1290060372). USCIS responded on May 7, 2016, stating that USCIS is processing the case, but that USCIS is performing extended review, which has caused a delay in processing time.

## COUNT ONE

21. Plaintiffs repeat, allege, and incorporate the foregoing paragraphs as if fully set forth herein.

22. 28 U.S.C. § 1361 provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

5

employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

23. USCIS has a non-discretionary duty to adjudicate adjustment applications. 8 C.F.R. § 103.2(b)(19); 8 C.F.R. § 245.2(a)(5).

24. Defendants have a non-discretionary duty to process Ms. Lin's I-485 petition and Mr. Lin's I-485 petition.

25. Ms. Lin's I-485 petition has been delayed for over five years. Mr. Lin's I-485 petition has been delayed for over four and a half years. Defendants have thus unlawfully failed to perform their duty to Plaintiffs to adjudicate their petitions.

## COUNT TWO

26. Plaintiffs repeat, allege, and incorporate the foregoing paragraphs as if fully set forth herein.

27. The APA allows "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to seek judicial review of that action. 5 U.S.C. § 702. The definition of "agency action" explicitly includes "failure to act." 5 U.S.C. § 551(13). The reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA also states that "within a

6

reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

28. Plaintiffs have been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§701 et seq.

29. Defendants' failure to adjudicate Ms. Lin's I-485 application for over five years and Mr. Lin's I-485 application for over four and a half years constitutes "agency action" that has been "unlawfully withheld or unreasonably delayed," violating the APA, 5 U.S.C. §706(2)(A).

30. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5. U.S.C. §706(2)(A).

31. Plaintiffs have exhausted all administrative remedies available to them as of right.

32. Plaintiffs have no other recourse to judicial review other than by this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants "failed to perform a duty owed to the plaintiff[s]" by failing to process Ms. Lin's I-485 application for over five years and Mr. Lin's I-485 application for over four and a half years;

B. Declare Defendants' failure to process Ms. Lin's I-485 application for over five years and Mr. Lin's I-485 application for over four and a half years to be "agency action unlawfully withheld or unreasonably delayed" in violation of the Administrative Procedure Act, 5 U.S.C.§§701 et seq;

C. Compel Defendants to act on Ms. Lin's I-485 (SRC1190122763) and Mr. Lin's I-485 (SRC1290060372) within 30 days;

D. Grant attorneys' fees and costs pursuant to 28 U.S.C. §2412, 28 U.S.C. §1920, Fed. R. Civ. P. 54(d) and other authority; and

E. Grant any other relief the Court deems appropriate and just.


Respectfully submitted,


This 8 day of August, 2016

Theodore N. Cox, Esq.
325 Broadway, Suite 201
New York, NY 10007
Tel.: (212) 925-1208
Fax.: (212) 925-5188
tedcoxecf@gmail.com

8